⑨

SK/KSH/JDK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED IN OPEN COURT
AUG 26 2021
CHARLES R. DIARD, JR.
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIM. NO. 21-00149-WS |
| | * | USAO NO. 18R00408 |
| v. | * | MAG NO. 21-MJ-100 |
| | * | |
| ZHENG KONG ZHENG, | * | VIOLATIONS: 18 USC § 1956(h) |
| DE YUN WANG, | * | 18 USC § 1349 |
| KONG MEI ZHENG, | * | |
| ZHENG GUO ZHENG, and | * | |
| YAN JIAO ZHUO | * | |

**INDICTMENT**

THE GRAND JURY CHARGES:

**COUNT ONE**
**Conspiracy to Commit Money Laundering**
**Title 18, United States Code, Section 1956(h)**

1.      From in or about January 2014 to in or about June 2021, in the Southern District of Alabama, and elsewhere, the defendants,

ZHENG KONG ZHENG,
DE YUN WANG,
KONG MEI ZHENG,
ZHENG GUO ZHENG, and
YAN JIAO ZHUO

knowingly combined, conspired, and agreed with one another and with persons both known and unknown to the Grand Jury to commit an offense against the United States, namely, money laundering in violation of Title 18, United States Code, Sections 1956 and 1957, to-wit:

a) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity ("SUA"), that is, harboring certain aliens in violation of Title 8, United States Code,

Section 1324(a)(1)(A)(iii), knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of SUA proceeds, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

b) to knowingly engage and attempt to engage in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from an SUA, that is, harboring certain aliens in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii), in violation of Title 18, United States Code, Section 1957.

2. The defendants conspired to commit money laundering to achieve private financial gain. To generate criminal proceeds for the conspiracy, the defendants unlawfully harbored aliens in homes located at 505 Newport Drive West, Mobile, Alabama 36609 (the "Newport House") and 3616 San Juan Drive, Mobile, Alabama 36609 (the "San Juan House"). Further, the defendants unlawfully employed these aliens for commercial advantage and private financial gain at China Super Buffet, a restaurant controlled and operated by the defendants and located at 3725 Airport Boulevard, Suite 203, Mobile, Alabama 36608 (together with its predecessor entities, the "Restaurant"). During the conspiracy, the defendants used a white 2011 GMC van to transport the aliens between the harboring homes and the Restaurant. At various times, the defendants conducted financial transactions to help disguise SUA proceeds and paid the aliens in cash, in part to help conceal the aliens' employment at the Restaurant. Further, as part of the conspiracy, the defendants kept multiple financial accounts in the Southern District of Alabama and elsewhere and accessed them periodically to conduct financial transactions with SUA proceeds. During the

conspiracy, **ZHENG KONG ZHENG** and **KONG MEI ZHENG** maintained the Restaurant's financial accounts and disbursed criminal proceeds from these accounts.

3. The manner and means used to accomplish the objectives of the money laundering conspiracy included, among others, the following monetary transactions within the United States:

| Date (on or about) | Monetary transaction (approximate amount) |
|---|---|
| January 26, 2015 | **KONG MEI ZHENG** withdrew approximately $110,008 from Regions Bank account x6495 held by Asia Super Buffet Inc. to obtain a cashier's check payable to herself. |
| March 31, 2016 | **ZHENG KONG ZHENG** wired approximately $110,000 from Regions Bank account x6495 held by Asia Super Buffet Inc. to his personal PNC Bank account x9405. |
| August 30, 2016 | **DE YUN WANG** wired approximately $111,718.90 from her personal BBVA Compass Bank account x8313 to an IBERIABANK account held by Gasdick Stanton Early, P.A. |
| October 18, 2019 | **ZHENG GUO ZHENG** transferred approximately $10,000 from Regions Bank account x6495 held by Asia Super Buffet Inc. to Regions Bank account x8149 held by Zheng China Super Buffet Inc. |

In violation of Title 18, United States Code, Section 1956(h).

**COUNT TWO**
**Conspiracy to Commit Wire Fraud**
**Title 18, United States Code, Section 1349**

4. Paragraph 2 of the Indictment is incorporated here.

5.      From in or about April 2020 to in or about June 2021, in the Southern District of Alabama, Southern Division, and elsewhere, the defendants,

**ZHENG KONG ZHENG,
DE YUN WANG,
KONG MEI ZHENG, and
ZHENG GUO ZHENG**

willfully, knowingly and unlawfully combined, conspired, confederated and agreed together and with other persons, both known and unknown to the Grand Jury, to commit an offense against the United States, to-wit, wire fraud in violation of Title 18, United States Code, Section 1343. The defendants conspired to defraud the U.S. Small Business Administration ("SBA") and obtain SBA funds for private financial gain. The conspiracy resulted in a financial loss to the SBA.

6.      As part of the United States' response to the economic downturn caused by the COVID-19 pandemic, the SBA was authorized via the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") to make loans to afflicted businesses. Any business that sought CARES Act-authorized funding programs was required to affirm that it was not engaged in illegal activity under federal, state, or local law.

7.      During the conspiracy, the Restaurant applied for funding under several SBA-administered programs designed to assist businesses weather the COVID-19 pandemic, namely, the Economic Injury Disaster Loan ("EIDL") Program, the Payroll Protection Program ("PPP"), and the Restaurant Revitalization Fund ("RRF"). Specifically, the Restaurant submitted one EIDL application, one EIDL request for reconsideration, two PPP applications, and one RRF application, each of which was transmitted to the SBA by wire in interstate commerce and contained materially false statements intended to deceive the SBA.

8. For instance, on or about June 5, 2020, **ZHENG GUO ZHENG** applied for PPP funding on the Restaurant's behalf. The PPP application stated in part that the Restaurant was "not engaged in any activity that is illegal under federal, state or local law" and that the Restaurant would use PPP funds to retain workers and maintain payroll. On or about June 24, 2020, the Restaurant received approximately $9,100 in PPP funds. The defendants did not use these funds to meet the Restaurant's payroll obligations or to retain the Restaurant's employees as required under the program. Instead, the defendants used the PPP funds to pay utilities and insurance for the Restaurant, the Newport House, and the San Juan House in furtherance of the Restaurant's illegal activities, which enriched the defendants.

9. The Restaurant's PPP applications contained materially false statements. For example, the Form W-2s accompanying the application identified certain persons as employees, but absent from the application was information listing the aliens who were employed at the Restaurant and harbored by the defendants. This material omission helped to conceal the Restaurant's unlawful operations regarding its harboring and employment of aliens. Moreover, the employees who were listed in the PPP applications did not reside at the addresses listed on the 2019 Form W-2s accompanying the application. Further, the Restaurant's actual payments to employees did not match those listed in the Restaurant's Form W-2s accompanying the PPP applications.

10. On or about March 3, 2021, **ZHENG GUO ZHENG** applied for additional PPP funding on the Restaurant's behalf. Again, the PPP application stated in part that the Restaurant was "not engaged in any activity that is illegal under federal, state or local law" and that the Restaurant would use PPP funds to retain workers and maintain payroll. On or about March 17, 2021, the Restaurant received approximately $23,551 in PPP funds.

11. On or about May 21, 2021, the Restaurant applied for RRF funding knowing that the business was ineligible to receive RRF funds due to the defendants' harboring and employment of aliens. On or about May 28, 2021, the Restaurant received approximately $412,656 in SBA funds based on the Restaurant's financial and workforce assertions within its RRF application.

In violation of Title 18, United States Code, Section 1349.

## NOTICE OF FORFEITURE
### Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1)

12. Paragraphs 1-11 of this Indictment are incorporated here.

13. Upon conviction of the offense set forth in Count One of this Indictment, the defendants named in Count One shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property. Further, upon conviction of the offense set forth in Count Two of this Indictment, the defendants named in Count Two shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, a 2011 GMC Van, white in color, bearing vehicle identification number 1GJW7PFA0B1130154, and the below property:

**The contents of:**

a) Cathay Bank account x1709 held by **ZHENG GUO ZHENG** and located at 45 East Broadway, New York, New York 10002;

b) Cathay Bank account x4225 held by **ZHENG KONG ZHENG** and **DE YUN WANG** and located at 45 East Broadway, New York, New York 10002;

c) Cathay Bank account x6166 held by **ZHENG KONG ZHENG** and located at 45 East Broadway, New York, New York 10002;

d) Cathay Bank account x6222 held by **DE YUN WANG** and located at 45 East Broadway, New York, New York 10002;

e) Cathay Bank account x7941 held by **KONG MEI ZHENG** and located at 45 East Broadway, New York, New York 10002;

f) Cathay Bank account x8776 held by **ZHENG GUO ZHENG** and located at 45 East Broadway, New York, New York 10002;

g) East West Bank account x0069 held by **ZHENG KONG ZHENG** and located at 208 Canal St., New York, New York 10013;

h) PNC Bank account x9405 held by **ZHENG KONG ZHENG** and **DE YUN WANG** and located at 3920 Airport Blvd, Mobile, Alabama 36608;

i) Regions Bank account x6495 held by Asia Super Buffet Inc. and located at 3001 Airport Blvd, Mobile, Alabama 36606;

j) Regions Bank account x8149 held by Zheng China Super Buffet Inc. and located at 3001 Airport Blvd, Mobile, Alabama 36606;

k) Regions Bank account x8149 held by Zheng China Super Buffet Inc. and located at 3001 Airport Blvd, Mobile, Alabama 36606;

l) Safe Deposit Box # 050-759-85 held by **ZHENG KONG ZHENG** and located at PNC Bank, 3920 Airport Boulevard, Mobile, Alabama, 36608;

m) Safe Deposit Box #1477 held by **ZHENG KONG ZHENG** and **DE YUN WANG** and located at Regions Bank, 3001 Airport Boulevard, Mobile, Alabama 36606;

n) Safe Deposit Box # 51-1-526 held by **ZHENG KONG ZHENG** and/or **DE YUN**

7

WANG and located at Cathay Bank, 45 East Broadway, New York, New York 10002; and

o) Safe Deposit Box # 51-1-906 held by **ZHENG GUO ZHENG** and located at Cathay Bank, 45 East Broadway, New York, New York 10002.

**The real property located at**:

a) 505 Newport Drive West, Mobile, Alabama 36609;

b) 3616 San Juan Drive, Mobile, Alabama 36609;

c) 26412 Fieldstone Drive, Novi, Michigan 48374;

d) 1219 Browning Avenue, Orlando, Florida 32809;

e) 1009 Plato Avenue, Orlando, Florida 32809;

f) 684 American Heritage Parkway, Orlando, Florida 32809;

g) 2636 Dorena Drive, Orlando, Florida 32839;

h) 6652 Brickell Court, Orlando, Florida 32809;

i) 7502 Boice Street, Orlando, Florida 32809;

j) 817 Linton Avenue, Orlando, Florida 32809;

k) 5476 Nokomis Circle, Orlando, Florida 32839; and

l) 36 Guyon Avenue, Staten Island, New York 10306;

14. If any of the forfeitable property, because of any act or omission of the defendants: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property

pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(a)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREMAN UNITED STATES GRAND JURY
SOUTHERN DISTRICT OF ALABAMA

SEAN P. COSTELLO
UNITED STATES ATTORNEY

_____
SINAN KALAYOGLU
Assistant United States Attorney

K.S.H.   Justin Kopf for Kasee Heistershagen
_____
KASEE S. HEISTERHAGEN
Assistant United States Attorney

_____
JUSTIN D. KOPF
Assistant U.S. Attorney

_____
SEAN P. COSTELLO
Chief, Criminal Division         AUGUST 2021